UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CHARLES SHARP, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | 2:12-cv-248-LJM-DKL |
| | ) | |
| MR. LOCKETT, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry and Order Dismissing Action**

**I.**

Charles Sharp was charged in No. IP 95-CR-44-01-B/F with being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). That charge was resolved through the entry and acceptance of a plea agreement. Sharp was sentenced on August 29, 1995, to an executed term of 175 months. His challenge to the conviction in No. IP 95-CR-44-01-B/F pursuant to 28 U.S.C. § 2255 was rejected in *Sharp v. United States*, 2009 WL 4680726 (S.D.Ind. Dec. 1, 2009).

Sharp then filed this action as another challenge to his conviction in No. IP 95-CR-44-01-B/F. However, one portion of the plea agreement Sharp reached with the United States provides that Sharp "waive[d] the right to contest the sentence imposed and the manner in which it was determined in any collateral attack, including an action brought under Title 28, United States Code, Section 2255, as long as the sentence of incarceration [did] not exceed 120 months." *Id.* The United States has invoked that provision as a barrier to the present challenge, which is without doubt a "collateral attack." The United States also argues that the action was not timely filed under 28 U.S.C. § 2255(f). The latter matter is not applicable if the action is treated as one for habeas corpus relief pursuant to 28 U.S.C. § 2241, which Sharp insists that it is.

Nonetheless, even treating the action as Sharp has presented it, a "federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) (internal quotation omitted). Sharp did not lack such an opportunity, and in fact used it. If § 2255 offers "one full and fair opportunity to contest" one's conviction, then a § 2241 petition must be dismissed under § 2255(e). *Collins v. Holinka*, 510 F.3d 666, 667 (7th Cir. 2007).

In this case, Sharp has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. His habeas petition will therefore be denied and this action dismissed.

**II.**

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 02/04/2014

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Charles Sharp
Reg. No. 09022-028
Terre Haute Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

Electronically Registered Counsel